## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TERENCE ANTHONY SLACK,

      Petitioner,               Civil No. 03-CV-71443-DT

                                HONORABLE JOHN CORBETT O'MEARA

v.                          UNITED STATES DISTRICT JUDGE


ANDREW JACKSON,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITIONER A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

On February 3, 2005, the Court issued an opinion and order denying petitioner's application for a writ of habeas corpus. On February 24, 2005, petitioner filed a notice of appeal, which this Court construes as a request for a certificate of appealability. [1] On March 21, 2005, petitioner filed an application for leave to appeal *in forma pauperis.* For the reasons stated below, the Court will deny petitioner a certificate of appealability. The Court will also deny petitioner leave to appeal *in forma pauperis.*

### I.   Standard of Review

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an

---

[1] *Luberda v. Trippett,* 211 F. 3d 1004, 1006 (6th Cir. 2000).

1

applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A district court has the power to deny a certificate of appealability *sua sponte. Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## II.  Discussion

In his first claim, petitioner alleged that the state trial court improperly admitted into evidence the audiotape of the 911 call that the victim made to the police on the night of the crime.  This Court rejected petitioner's claim, on the basis that trial court errors in the application of state procedure or evidentiary law are not cognizable as grounds for federal habeas relief unless the court's ruling deprives the petitioner of a fundamentally fair trial.

2

Because a federal habeas court has no jurisdiction to grant relief on a violation of state law, the Court declines to grant a certificate of appealability on this issue. *See Stringer v. Williams*, 161 F. 3d 259, 261 (5th Cir. 1998).

Petitioner next claimed that there was insufficient evidence to convict him of assault with intent to rob while armed.  This Court concluded, for reasons stated in greater detail in its original opinion and order, that the Michigan Court of Appeals' determination that a rational trier of fact could have found the elements of the crime of assault with intent to rob while armed to be reasonable.  In light of the evidence that was presented in this case, the court's ruling that the Michigan Court of Appeals' determination that there was sufficient evidence to find petitioner guilty of assault with intent to rob while armed was reasonable would not be debatable among reasonable jurists, and petitioner is therefore not entitled to a certificate of appealability on this claim. *Williams v. Puckett,* 283 F. 3d 272, 277-78 (5th Cir. 2002).

In his third claim, petitioner contended that the trial court erred in refusing to *sua sponte* give the jury an instruction on the defense of intoxication.  In light of the evidence of guilt in this case, including the evidence that petitioner was able to form the specific intent to commit an armed robbery in this case, petitioner is not entitled to the issuance of a certificate of appealability, because he has failed to show that it is more likely than not that no reasonable juror would have found him guilty of assault with intent to rob while armed had the intoxication instruction been given. *See Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995).

3

In his fourth claim, petitioner claimed that he was deprived of a fair trial because of prosecutorial misconduct. The Court found the issue to be procedurally defaulted, because the Michigan Court of Appeals rejected petitioner's claim on the ground that petitioner had not preserved the issues for appellate review by failing to object to the complained of misconduct.

When underlying claims have been procedurally defaulted, the question for purposes of an application for a certificate of appealability is whether the habeas petitioner has made a substantial showing of cause and prejudice to overcome the default. *Farmer v. Iowa,* 153 F. Supp. 2d 1034, 1043 (N.D. Iowa 2001). As indicated in greater detail in the Court's opinion and order, petitioner failed to make a substantial showing of cause and prejudice to overcome the procedural default. Constitutional issues on which a habeas petitioner has procedurally defaulted are not valid claims, and thus provide no basis for a certificate of appealability. *Davis v. Welborn,* 149 F. Supp. 2d 975, 978 (N.D. Ill. 2001). Because petitioner's prosecutorial misconduct claim was procedurally defaulted, and petitioner failed to establish cause and prejudice to excuse the default, the Court declines to grant a certificate of appealability on this claim.

Petitioner next claimed that he was entitled to habeas relief because of cumulative error. The Court will deny petitioner a certificate of appealability on his cumulative error claim, because he has failed to make a substantial showing of the denial of a constitutional right with respect to that claim. *See Kincade v. Sparkman,* 117 F. 3d 949, 953 (6th Cir. 1997).

Petitioner lastly alleged that he was deprived of the effective assistance of trial and

4

appellate counsel. A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). For the reasons stated by this Court in its original opinion and order, petitioner has failed to make a substantial showing that he was denied the effective assistance of trial counsel. Petitioner is likewise not entitled to a certificate of appealability on his ineffective assistance of appellate counsel claim, because jurists of reason could not debate this Court's determination that petitioner was not deprived of the effective assistance of appellate counsel. *See Silvia v. Hall,* 71 Fed. Appx. 853, 856 (1st Cir. 2003).

## III. ORDER

IT IS ORDERED that the request for a certificate of appealability is **DENIED.** The Court will also deny petitioner leave to appeal *in forma pauperis.* A habeas petitioner seeking to appeal the denial of a habeas petition will not be permitted to proceed *in forma pauperis*, where the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: June 21, 2005