UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE ANTHONY SLACK,

    Petitioner,

                                     Civil No: 03-71443
                                     Honorable John Corbett O'Meara

v.

ANDREW JACKSON,

    Respondent.

_____

**OPINION & ORDER DENYING PETITIONER'S
MOTION TO APPOINT COUNSEL**

**I. Introduction**

On February 3, 2005, the Court filed an Opinion and Order Denying Petition for Writ of Habeas Corpus and entered a Judgment on February 4, 2005 dismissing the petition. Petitioner subsequently filed a Notice of Appeal with the Court on February 24, 2005. On March 21, 2005, Petitioner filed an Application to Proceed *in Forma Pauperis*. Also on February 24, 2005, Petitioner filed a Motion to Appoint Counsel, which is presently before this Court. The Court denied Petitioner's request for certificate of appealability and his request for *in forma pauperis* status on June 21, 2005.

**II. Standard of Review**

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." *18 U.S.C. §3006A(a)(2)(B)*. The appointment of counsel for a habeas petitioner is within the discretion of the court. *Thirkield, v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

**III.  Law & Analysis**

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petitioner could not obtain justice without an attorney; (2) the petitioner could not obtain a lawyer on his own; and (3) the petitioner would have a reasonable chance of winning with the assistance of counsel. *See, Thirkield, v. Pitcher,* 199 F.Supp.2d at 653.

Although there is generally no right to counsel in habeas cases, counsel may be appointed in exceptional cases. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). Such exceptional circumstances exist where a prisoner acting pro se has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981). In determining whether exceptional circumstances exist, courts often look to the "type of case and abilities of the plaintiff to represent himself." *Lavado v. Keohane,* 992 F.2d at 606. Those considerations "generally involve a determination of the complexity of the factual legal issues involved." *Id.* Appointment of counsel is not appropriate where a pro se litigant's claims are frivolous, or when the chances of success are extremely slim. *Id.*

Based upon the Court's finding that Petitioner has not raised any issues that are certifiable for appeal, the Court finds that Petitioner's claims are not colorable; and his case is not exceptional. The circumstances in this case are not any more complex at this point in the proceedings than they were in April 2003, when Petitioner filed his initial habeas petition *pro se.*

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion to Appoint Counsel **[Docket No: 28-1, filed February 24, 2005]** is **DENIED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: September 28, 2005